ruled in favor of the re-confirmation of state court proceedings. Council, why don't you have a seat? Council, why don't you have a seat? Can you get up to the podium, sir? What is your name? Good morning, Your Honors. My name is Christopher Ricketschewski. I am here on behalf of the Defendant Appellants, Metropolitan Learning Institute, and Boris Davidoff. So, and did you request a rule argument? Did you request a rule argument? So I had filed an ignorant argument yesterday that I would be appearing, and I got a confirmation this morning. Yesterday, okay. I'll tell you what. Although it's Mr. Aronauer? Yes, Your Honor. I'm going to give your friend on the other side just three minutes of argument, and then I will let you argue. Is that okay? Yes, Your Honor. Okay, great. Wonderful. So you've got three minutes, sir. Three minutes? Yes. Okay. Okay, very good. So this is a matter about the FLSA, the Fair Labor Standards Act. During the trial of this matter, I had cited a number of errors that were made, but I would like to speak to two errors which we believe fall, made by the district court, which we believe fall under the clearly erroneous standard. The first is one of fact. In the district court's findings of fact and conclusions of law, the district court cites, quote, plaintiff's compensation was not tied to the number of students she or she enrolled, which is on page 21 of the findings of fact and conclusions of law and located on page 868 in Volume 3 of Defendant Appellate Appendix. And that is, that was not properly considered, that finding of fact, because on transcript number 86 of Volume 2, page 899, quote, the transcript says, we're asking the plaintiff, quote, I'm asking if you wanted to earn more, as well as part of your motivation that you wanted to earn more money, yes, okay. So that's clearly in conflict as well. A further conflict is in the transcript on number 88 of the transcript, which says if you enroll more students, quote, you're going to get a good salary. And the attorney asks, is that something you were interested in? And the plaintiff said, of course. So there's our contention that based on the aforementioned transcripts, this one point was not properly considered by the court and because there was an admission here, as I have just referenced by the plaintiff. So I think that's just your duality on the transcript after that one-day bench trial that I think you're alluding to, made based on the totality of the record a set of findings, including some credibility findings, that discredited the witness for your client and credited the witness for the plaintiff and understanding and certainly not misunderstanding that one point that you are focusing on. Have I got anything wrong about that? No, that is correct. So there's nothing wrong about that description? No. Okay, thank you very much. I have a second point. Thank you. Thank you very much. Your three minutes are up, sir. I hear from the counsel for the appellee. Why don't you sit over there? Good morning, Your Honors. May it please the Court. My name is Jacob Aronauer. I represent the appellee, Ms. Sandra Harris. I will try to be brief. I just want to bring to the Court's attention, which I know was in the papers, the Second Circuit decision, Flood v. Just Energy, where they list five factors in terms of determining whether or not the outside sales exemption applies. And the first and the fifth factor are considered the most important. First is the individual receiving commissions. The record was clear that Ms. Harris was not receiving commissions. And the fifth factor is whether or not the work is suitable to an hourly wage. And here, Ms. Harris was paid hourly, and she was required to clock in and clock out. And I believe those three factors, the commissions, that she was required to clock in and clock out. What's the total amount that we're really talking about? The total amount in terms of the financial stake here. I believe the decision ruled in favor of my client was $27,000, roughly. I'm happy to answer any questions from the Court. Thank you. Thank you very much. Thank you for appearing. So it is very important for our Court to know well in advance, Counsel, that you are and want and seek argument. But I gave you three minutes, and we have the full benefit of the argument. We'll reserve decision. You'll get a decision from us in due course. Thank you very much.